| | | |
|---|---|---|
| CHESTER LAMBERT LILLEY, JR., | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| CARLTON JOYNER, | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon Chester Lambert Lilley, Jr.'s pro se Petition for

Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Also before the Court is

Respondent's Motion for Summary Judgment. (Doc. No. 8.)

## I.    PROCEDURAL BACKGROUND

Petitioner is a prisoner of the State of North Carolina, who, on April 29, 2015, pled "no

contest" in Wilkes County District Court to selling marijuana, possession with intent to sell or

deliver marijuana, both offenses occurring on February 12, 2015, manufacturing a Schedule VI

controlled substance, selling a Schedule VI controlled substance, and possession with intent to

distribute, manufacture, sell, or deliver a Schedule VI controlled substance, all three offenses

occurring on April 16, 2015. (J. & Comm. Forms, Resp't's Ex. No. 3, Doc. No. 9-4.) Pursuant to

his plea agreement with the State, eight other drug-related charges were dismissed. (Tr. of Plea 4,

Resp't's Ex. No. 1, Doc. No. 9-2.) Judgment was consolidated under two counts, and Petitioner

was sentenced to consecutive terms of 18-31 months imprisonment. (J. & Comm. Forms, Doc. No.

9-4.) Petitioner did not appeal his convictions or sentences.

Petitioner has filed numerous pro se letters and motions for appropriate relief in the District

Court of Wilkes County, including a pro se pleading on or about June 26, 2015, and an motion for appropriate relief ("MAR") on or about February 17, 2016. (Resp't's Ex. No. 4 4-5, 25-32, Doc. No. 9-5.) The court treated the June 26, 2015 pro se pleading as an MAR, and denied it on September 30, 2015. (Order Den. MAR, Resp't's Ex. No. 5, Doc. No. 9-6.) As of the filing of Respondent's summary judgment Motion, Petitioner's February 17, 2016 MAR was still pending in the Wilkes County courts.

Petitioner filed his pro se federal habeas Petition in this Court on February 11, 2016, when he placed it in the prison mail system. (Pet. 11, Doc. No. 1.) After conducting an initial review required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court directed Respondent to file an answer to the Petition. (Doc. No. 6.) Respondent filed an Answer, Motion for Summary Judgment, and Supporting Brief. (Doc. Nos. 7-9.) In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was notified of his right to respond to the summary judgment Motion. (Doc. No. 10.) In response, Petitioner sent several letters (Doc. Nos. 11-14), at least two of which (Doc. Nos. 11, 12), refer to other actions Petitioner has filed in this Court.

II.     STANDARD OF REVIEW

   A. Summary Judgment

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact

to find for the non-moving party, disposition by summary judgment is appropriate.  <u>Anderson v.</u>

<u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 248–49 (1986).

**B.  Antiterrorism and Effective Death Penalty Act of 1996**

Review of Petitioner's claims is governed by the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  AEDPA requires that before seeking federal habeas

corpus relief, a state prisoner first must exhaust his state court remedies.  § 2254(b)(1)(A).[1]  That is,

he must provide the state courts a full and fair opportunity to resolve federal constitutional claims

before those claims are presented through a habeas petition in federal court.  <u>O'Sullivan v.</u>

<u>Boerckel</u>, 526 U.S. 838, 845 (1999).  To fairly present a claim, the prisoner must identify for the

state courts "both the operative facts and the controlling legal principles" associated with the claim.

<u>Baker v. Corcoran</u>, 220 F.3d 276, 289 (4th Cir. 2000) (citation omitted).  Furthermore, the prisoner

must present the claim to all appropriate state courts, including the highest appellate court

established to review such a claim.  <u>See</u> <u>Boerckel</u>, 526 U.S. at 845.

Respondent raises an exhaustion defense with respect to all of Petitioner's grounds for relief.

The Court has reviewed Petitioner's state court filings (Resp't's Ex. 4, Doc. No. 9-5) and finds that

to the extent Petitioner has raised the grounds herein in the state courts, he has not raised them in all

appropriate state courts, including the highest appellate court established to review the claims.  <u>See</u>

<u>Boerckel</u>, 526 U.S. at 845.  Therefore, Petitioner has not exhausted the claims raised in the instant

Petition.

Nevertheless, §2254(b)(2) permits a federal court, in its discretion, to deny a habeas corpus

---

[1] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  § 2254(b)(1)(A) & (B).

claim on the merits despite the applicant's failure to exhaust available remedies in state court.

Swisher v. True, 325 F.3d 225, 232-33 (4th Cir. 2002) (affirming district court's discretionary

decision to elect to deny habeas corpus relief on the merits pursuant to § 2254(b)(2), although claim

was "clearly unexhausted"). Respondent, without waiving the exhaustion defense, urges the Court

to exercise its discretion in this case and deny Petitioner's claims on the merits. Because

Petitioner's claims either are not cognizable or are wholly lacking in evidentiary support, the Court

will exercise its discretion under § 2254(b)(2) and deny the Petition, notwithstanding that the claims

are unexhausted.

## III.    DISCUSSION

Petitioner's filings in this Court, as well as in the state courts, are difficult to understand, but

it appears that all of his claims relate to matters pre-dating his "no contest" plea. He asserts that

Lieutenant ("Lt.") Dancy, the arresting officer, failed to read him his rights, "padded" his charges,

and lied about having audio and video evidence of Petitioner selling drugs. Petitioner also contends

that his trial attorney failed to provide him a copy of discovery until after he was convicted, and

conspired with the prosecutor to secure his conviction. (Pet'r's March 1, 2016 Letter, Doc. No. 4.)

Finally, Petitioner complains that the prosecutor threatened to indict him as an habitual felon if he

did not accept the plea deal. (Pet'r's Mar. 1, 2016 Letter.)

"A conviction after a plea of guilty normally rests on the defendant's own admission in open

court that he committed the acts with which he is charged." McMann v. Richardson, 397 U.S. 759,

766 (1970) (citing Brady v. United States, 397 U.S. 742, 748 (1970)). A guilty plea "is also a

waiver of trial . . . and unless the applicable law otherwise provides, a waiver of the right to contest

the admissibility of any evidence the State might have offered against the defendant." Richardson,

397 U.S. at 766 (footnote omitted). Therefore, the Constitution requires that a defendant entering a

guilty plea must do so knowingly, voluntarily, and intelligently.  See Brady, 397 U.S. 742 at 748.  A

defendant enters a guilty plea intelligently when he is "advised by competent counsel . . . made

aware of the nature of the charge against him, and there was nothing to indicate that he was

incompetent or otherwise not in control of his mental faculties."  Id. at 756.  A guilty plea is

voluntary if "entered by one fully aware of the direct consequences" of the plea.  Id. at 755 (citation

and quotation omitted).

      "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of

the offense with which he is charged, he may not thereafter raise independent claims relating to the

deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  Tollett v.

Henderson, 411 U.S. 258, 267 (1973). "He may only attack the voluntary and intelligent character

of the guilty plea."  Id.

      In this case, Petitioner entered a "no contest" plea.  Cf. North Carolina v. Alford, 400 U.S.

25 (1970) (noting that one pleading no contest is "an accused who is unwilling expressly to admit

his guilt").  A "no contest" plea "stands on equal footing with a guilty plea."  Howard v. White, 76

F. App'x 52, 53 (6th Cir. 2003) (unpublished) (citing North Carolina v. Alford, 400 U.S. 25, 35-36

(1970); United States v. Freed, 688 F.2d 24, 25 (6th Cir. 1982)).  Thus, through entrance of his "no

contest" plea, Petitioner has waived his allegations of constitutional violations related to Dancy and

the prosecutor.  See Blackledge v. Perry, 417 U.S. 21, 29-30 (1974) ( [A] person complaining of . . .

antecedent constitutional violations is limited . . . to attacks on the voluntary and intelligent nature

of the guilty plea, through proof that the advice received from counsel was not within the range of

competence demanded of attorneys in criminal cases.") (internal quotation marks and citations

omitted)).

      Therefore, to obtain relief, Petitioner must demonstrate that his "no contest" plea was not

voluntarily and intelligently made due to the ineffective assistance of counsel. To prove a claim of ineffective assistance of counsel in the context of a guilty or "no contest" plea, a petitioner "must show that counsel's performance was deficient," Strickland v. Washington, 466 U.S. 668, 687 (1984), and " 'a reasonable probability that, but for counsel's [deficient performance], [the petitioner] would not have pleaded guilty and would have insisted on going to trial[,]' " Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Petitioner's first allegation against trial counsel is that he did not give Petitioner a copy of the discovery in his case until after he was convicted. (Pet'r's March 1, 2016 Letter, Doc. No. 4.) Petitioner asserts that had he seen the discovery before entering his plea, he would have learned that Dancy had "padded" the charges. It appears from his pleadings that the charges alleged to have been "padded" were the ones dismissed by the State as part of the plea agreement. (Ground Two of Pet. 7, Doc. No. 1; Tr. of Plea 4, Doc. No. 9-2.) The Court notes that Petitioner does not contend that he asked counsel to see the discovery in his case prior to accepting the plea and that counsel refused to show it to him. Moreover, when entering his plea, Petitioner stated that his attorney had explained the charges against him and that he understood the charges. (Tr. of Plea 1, Doc. No. 9-2.) Petitioner also stated he was pleading "no contest" as part of a plea agreement, *the terms of which were read to him by the court*, and that he accepted the plea arrangement, as described to him by the court. (Tr. of Plea 3-4, Doc. No. 9-2.)

"Absent clear and convincing evidence to the contrary, [a petitioner] is bound by the representations he made during the plea colloquy." Walton v. Angelone, 321 F.3d 442, 462 (4th Cir. 2003) (citing Fields v. Att'y Gen. of Md, 956 F.2d 1290, 1299 (4th Cir. 1992); see also Little v. Allsbrook, 731 F.2d 238, 239–40 n.2 (4th Cir. 1984) (noting that "statements . . . made while under oath" at a plea hearing are not simply "empty gestures," but rather are binding and of "considerable

importance" absent "clear and convincing evidence to the contrary"). Here, Petitioner has presented no evidence that he was incompetent or otherwise not in control of his mental faculties when he entered his plea. See Brady, 397 U.S. 742 at 756. He has presented no evidence that contradicts his representations during the plea colloquy regarding his knowledge of the charges against him and the terms of his plea agreement. [2] The fact that trial counsel apparently did not provide Petitioner a copy of discovery prior to his plea, is not evidence that counsel failed to explain the charges and terms of the plea agreement to Petitioner, including the nature of the charges the State would dismiss, prior to Petitioner entering his plea.

Petitioner is bound by the representations he made during his plea colloquy. See Walton, 321 F.3d at 462. He, therefore, has not demonstrated that his plea was not knowingly, intelligently, or voluntarily made due to trial counsel's alleged failure to provide Petitioner a copy of discovery prior to entrance of his plea. See Strickland, 466 U.S. at 687.

Petitioner's second allegation against trial counsel is that he conspired with the prosecution to convict Petitioner. According to Petitioner, trial counsel told him prior to his plea that body cam footage showed Petitioner selling marijuana, engaging in a conspiracy to sell and deliver marijuana, and giving officers permission to search his home, as well as officers seizing marijuana from his home. (Pet'r's March 1, 2016 Letter, Doc. No. 4.) Petitioner claims to have obtained copies of the body cam footage from counsel since his conviction. (Pet'r's March 1, 2016 Letter, Doc. No. 4.) Petitioner evidently has not seen the footage himself but states that he has "a [two] page letter by Mrs. Harrison (mailroom supt.) that both disc[s] show only xxx material . . . [and] gang material."

---

[2] Petitioner cites what he refers to as "facts" to support his assertion that Dancy "padded" the charges, by which Petitioner apparently means "fabricated" the charges. Notably, he provides no actual evidence that Dancy fabricated the eight charges that were dismissed by the State as part of the plea arrangement. For example, Petitioner asserts that none of the evidence purportedly seized in relation to those charges is in the "D. A. log." He does not provide a copy of the "D.A. log" or any other evidence to back up his assertion.

(Pet'r's March 1, 2016 Letter, Doc. No. 4.)  Petitioner did not provide the Court a copy of Mrs.

Harrison's letter.

Allegations without supporting evidence will not suffice to demonstrate the existence of

facts.  As the Court explained in its Order advising Petitioner of his right to respond to the Motion

for Summary Judgment, mere allegations will not defeat a summary judgment motion.  (Order 2,

Doc. No. 10.)  It was incumbent upon Petitioner to provide the Court some evidence to support the

existence of facts he alleged to exist.  (Order 2 (citing Federal Rule of Civil Procedure 56(c)), Doc.

No. 10.)  In this instance, Petitioner has failed to show that there was no audio or video evidence of

events involving Petitioner on February 12, 2015, April 16, 2015, or both.  Nor has he shown that

trial counsel failed to review that footage prior to advising Petitioner to accept the State's plea offer.

Furthermore, assuming for the sake of argument that there was no audio or video evidence,

Petitioner never states that had he known that evidence did not exist, there is a reasonable

probability he would have rejected the plea and insisted on proceeding to trial.  See Hill, 474 U.S. at

59.  If Petitioner did not commit the crimes alleged, he would have known that there could not be

audio or video evidence of him committing those crimes.  Therefore, he must have had other

reasons for accepting the plea and foregoing trial.  Indeed, he acknowledged during the colloquy

that there was a factual basis for his plea.  (Tr. of Plea 3, Doc. No. 9-2.)  Additionally, according to

Petitioner, the prosecutor told his defense attorney that he would indict Petitioner as an habitual

felon, which carries increased sentencing penalties, if Petitioner did not accept the State's plea offer.

Nowhere does Petitioner state that he would have risked the prosecutor making good on that threat

by insisting on going to trial.  The Court notes that when he entered his plea, Petitioner had 24 prior

record points and was a Prior Record Level VI, the highest level under North Carolina's sentencing

law.  (J. & Comm. 1, Doc. No. 9-4.)

In short, Petitioner has failed to demonstrate that his plea was not entered knowingly, intelligently, and voluntarily, due to the ineffective assistance of counsel.  As such, his allegations against trial counsel shall be denied.

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**;

2) Respondent's Motion for Summary Judgment (Doc. No. 8) is **GRANTED**; and

3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 14,

Frank D. Whitney
Chief United States District Judge